JUDGE PATTERSON

**08 CV 6243**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ANTHONY VARGAS

                       Plaintiff(s),

    -against-

GARY PONCE AND MELINDA HERZIG

                      Defendant(s).
------------------------------------------------------------X

**VERIFIED COMPLAINT
JURY TRIAL DEMANDED**

ECF Case   R.P.

RECEIVED JUL 10 2008 U.S.D.C. S.D.N.Y. CASHIERS

       Plaintiff, by his attorneys, SHANKER & SHANKER, P.C., complaining of the Defendants, respectfully alleges, upon information and belief:

**Summary Of Claims**

       1.    This action seeks monetary relief to compensate the Plaintiff for severe and permanent personal injuries and other damages to be determined resulting from the negligent, careless and reckless ownership, operation, management, maintenance, supervision, use and control by the Defendant(s) of a 2004 Chevy motor vehicle bearing Massachusetts registration number 4714LN.

**Jurisdiction and Venue**

       2.    This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 and supplemental jurisdiction over the state law claims. Venue is properly established in this Court pursuant to 28 U.S.C. § 1332(a).

**Parties and Cause(s) of Action**

       3.    On March 1, 2007 and at all times herein mentioned, Plaintiff ANTHONY VARGAS was, and still is, a resident of the State, County and City of New York.

4. On March 1, 2007 and at all times herein mentioned, Defendant **MELINDA HERZIG** was, and still is, a resident of the Commonwealth of Massachusetts.

5. On March 1, 2007 and at all times herein mentioned, Defendant **GARY PONCE** was, and still is, a resident of the Commonwealth of Massachusetts.

6. On March 1, 2007 and at all times herein mentioned, Defendant **MELINDA HERZIG** was the title owner of a 2004 Chevrolet motor vehicle bearing Massachusetts registration number 4714LN.

7. On March 1, 2007 and at all times herein mentioned, Defendant **MELINDA HERZIG** was the registered owner of a 2004 Chevrolet motor vehicle bearing Massachusetts registration number 4714LN.

8. On March 1, 2007 and at all times herein mentioned, Defendant **GARY PONCE** operated the aforementioned motor vehicle bearing Massachusetts registration number 4714LN.

9. On March 1, 2007 and at all times herein mentioned, Defendant **GARY PONCE** operated the aforementioned motor vehicle with the express permission of Defendant **MELINDA HERZIG**.

10. On March 1, 2007 and at all times herein mentioned, Defendant **GARY PONCE** operated the aforementioned motor vehicle with the implied permission of Defendant **MELINDA HERZIG**.

11. On March 1, 2007 and at all times herein mentioned, Defendant **GARY PONCE** operated the aforementioned motor vehicle with the knowledge of the Defendant **MELINDA HERZIG**.

12. On March 1, 2007 and at all times herein mentioned, Defendant **GARY PONCE** operated the aforementioned motor vehicle with the consent of the Defendant **MELINDA HERZIG**.

13.   On March 1, 2007 and at all times herein mentioned, Defendant **MELINDA HERZIG** managed the aforesaid motor vehicle.

14.   On March 1, 2007 and at all times herein mentioned, Defendant **GARY PONCE** managed the aforementioned motor vehicle.

15.   On March 1, 2007 and at all times herein mentioned, Defendant **MELINDA HERZIG** maintained the aforementioned motor vehicle.

16.   On March 1, 2007 and at all times herein mentioned, Defendant **GARY PONCE** maintained the aforementioned motor vehicle.

17.   On March 1, 2007 and at all times herein mentioned, Defendant **MELINDA HERZIG** controlled the aforementioned motor vehicle.

18.   On March 1, 2007 and at all times herein mentioned, Defendant **GARY PONCE** controlled the aforementioned motor vehicle.

19.   On March 1, 2007 and at all times herein mentioned, Defendant **GARY PONCE** operated the aforementioned motor vehicle in the scope of his employment.

20.   On March 1, 2007 and at all times herein mentioned, Plaintiff **ANTHONY VARGAS** operated a 2007 Honda motor vehicle bearing New York State registration number 8169709.

21.   On March 1, 2007 and at all times herein mentioned, 55th Street at or about 11th Avenue in the County, City and State of New York, were public roadways, streets and/or thoroughfares for the use and operation of motor vehicles.

22.   That on March 1, 2007, Defendant **GARY PONCE** operated the aforementioned 2004 Chevrolet motor vehicle owned by Defendant, **MELINDA HERZIG**.

23. That on March 1, 2007, Defendant **GARY PONCE** operated the aforementioned 2004 Chevrolet motor vehicle owned by Defendant, **MELINDA HERZIG**, at the aforementioned location.

24. That on March 1, 2007, Plaintiff **ANTHONY VARGAS** operated the aforementioned Honda motor vehicle at the aforementioned location.

25. That on March 1, 2007, the motor vehicle owned by Defendant **MELINDA HERZIG** came into contact with the motor vehicle operated by Plaintiff **ANTHONY VARGAS**.

26. That on March 1, 2007, the motor vehicle owned by Defendant **MELINDA HERZIG** came into contact with the motor vehicle operated by Plaintiff **ANTHONY VARGAS**, at the aforementioned location.

27. That on March 1, 2007, the motor vehicle operated by Defendant **GARY PONCE** came into contact with the motor vehicle operated by Plaintiff **ANTHONY VARGAS**.

28. That on March 1, 2007, the motor vehicle operated by Defendant **GARY PONCE** came into contact with the motor vehicle operated by Plaintiff **ANTHONY VARGAS**, at the aforementioned location.

29. That on March 1, 2007, the motor vehicle owned by Defendant **MELINDA HERZIG** and operated by Defendant **GARY PONCE** came into contact with the motor vehicle operated by Plaintiff **ANTHONY VARGAS**, at the aforementioned location.

30. That on March 1, 2007, the motor vehicle operated, maintained, managed and/or controlled by Defendant **GARY PONCE** came into contact with the motor vehicle operated by Plaintiff **ANTHONY VARGAS**, at the aforementioned location.

31. That on March 1, 2007, the motor vehicle owned, maintained, managed and/or controlled by Defendant **MELINDA HERZIG** came into contact with the motor vehicle operated by Plaintiff **ANTHONY VARGAS**, at the aforementioned location.

32. That as a result of the aforesaid contact, Plaintiff **ANTHONY VARGAS** was injured.

33. That as a result of the aforesaid contact, Plaintiff **ANTHONY VARGAS** was seriously injured.

34. That the aforesaid occurrence was caused wholly and solely by reason of the negligence of the Defendants without any fault or negligence on the part of the Plaintiff contributing thereto.

35. That Defendants were negligent, careless and reckless in the ownership, operation, management, maintenance, supervision, use and control of the aforesaid vehicle and the Defendants were otherwise negligent, careless and reckless under the circumstances then and there prevailing.

36. That by reason of the foregoing, Plaintiff **ANTHONY VARGAS** sustained severe and permanent personal injuries; and Plaintiff **ANTHONY VARGAS** was otherwise damaged.

37. That Plaintiff **ANTHONY VARGAS** sustained serious injuries as defined by §5102(d) of the Insurance Law of the State of New York.

38. That Plaintiff **ANTHONY VARGAS** sustained serious injuries and economic loss greater than basic economic loss as defined by §5104 of the Insurance Law of the State of New York.

39. That Plaintiff **ANTHONY VARGAS** is not seeking to recover any damages for which Plaintiff has been reimbursed by no-fault insurance and/or for which no-fault insurance is

obligated to reimburse Plaintiff. Plaintiff is seeking only to recover those damages not recoverable through no-fault insurance under the facts and circumstances in this action.

40.    That this action falls within one or more of the exceptions set forth in CPLR §1602.

41.    That by reason of the foregoing, Plaintiff **ANTHONY VARGAS** has been damaged in a sum that exceeds $75,000.00 (SEVENTY FIVE THOUSAND DOLLARS), the jurisdictional limit of the Court.

**WHEREFORE**, Plaintiff(s) demands judgment against the Defendants herein, in a sum exceeding $75,000.00 (SEVENTY FIVE THOUSAND DOLLARS), together with the costs and disbursements of this action.

Dated:    New York, New York
          July 1, 2008

Yours, etc.

_____
STEVEN J. SHANKER, ESQ.
Shanker & Shanker, P.C.
Attorneys for Plaintiff(s)
ANTHONY VARGAS
386 Park Avenue South- Suite #1914
New York, New York 10016
212-490-0046
Our File No. 1775-07

## ATTORNEY'S VERIFICATION

STEVEN J. SHANKER, ESQ., an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under the penalties of perjury:   I am an attorney at SHANKER & SHANKER, P.C., attorneys of record for Plaintiff(s), Anthony Vargas. I have read the annexed **COMPLAINT** and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

This verification is made by me because Plaintiff(s) is/are not presently in the county wherein I maintain my offices.


DATED:      New York, New York
            July 1, 2008

_____
STEVEN J. SHANKER, ESQ.